UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23871-COOKE/DAMIAN

MARCIELA E. BLANCO,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

THIS CAUSE is before the Court on Defendant, Scottsdale Insurance Company's ("Defendant"), Motion for Sanctions (the "Motion"). [ECF No. 13]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for appropriate resolution in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). *See* ECF No. 7.

THIS COURT has reviewed the Motion[1] and heard from Defendant, through counsel, at a Zoom hearing[2] on June 3, 2022, and is otherwise fully advised in the premises. For the reasons stated on the record at the hearing, the Motion for Sanctions [ECF No. 13] is **GRANTED IN PART** as set forth below.

---

[1] Plaintiff did not file a response in opposition to the Motion as provided under the Court's Local Rules. *See* S.D. Fla. Local R. 7.1(c)(1) (". . . each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.").

[2] Plaintiff's counsel did not appear at the Zoom hearing which was set by the Court on May 31, 2022. *See* ECF No. 14. If Plaintiff's counsel was unavailable for the scheduled hearing, counsel should have filed a motion for continuance and provided dates of availability for the Court to reschedule the hearing.

RELEVANT PROCEEDINGS TO DATE

On May 21, 2021, Plaintiff, Maricela E. Blanco ("Plaintiff"), brought this first-party insurance breach of contract action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, after an alleged loss to her property in September 2017 from Hurricane Irma. [ECF No. 1-1]. On November 3, 2021, Defendant removed the Complaint to this Court. [ECF No. 1]. On April 11, 2022, the Court entered an Order Setting Civil Trial and Pretrial Deadlines. [ECF No. 8]. Trial in this matter is currently set for the two-week trial period beginning on March 27, 2023. *Id.* The current deadline for the parties to complete all fact discovery is August 26, 2022. *Id.*

On April 22, 2022, Defendant filed a Discovery Memorandum relating to Plaintiff's past due responses to Defendant's discovery requests. [ECF No. 9 (the "Memorandum")]. As stated in the Memorandum, Defendant propounded its First Set of Interrogatories and First Requests for Production upon Plaintiff on January 26, 2022. *Id.* ¶¶ 6–7. Defendant further states that when no responses thereto were received, on March 2, 2022, Defendant's counsel made a good faith effort to obtain Plaintiff's past due responses to no avail. *Id.* ¶ 8.

On April 27, 2022, the Court entered a Paperless Order setting a discovery hearing on Defendant's Memorandum for April 28, 2022, at 12:30 p.m. [ECF No. 10]. Prior to the hearing, Defendant filed a Notice of Cancellation of Hearing and indicated that the parties had agreed that Plaintiff could respond to Defendant's discovery requests on or before May 5, 2022, and, therefore, there was no longer a need for a hearing. *See* ECF No. 11.

Pursuant to the parties' agreement as set forth in the Notice, the Court entered an Agreed Order and, therein, ordered that "Plaintiff shall respond to Defendant's First Set of Interrogatories and First Requests for Production on or before May 5, 2022." [ECF No. 12].

As alleged in the Motion, Plaintiff did not provide the responses to Defendant's outstanding discovery requests, and Plaintiff is, therefore, in violation of this Court's April 28, 2022, Agreed Order. *See* Motion, at ¶ 8.

On May 16, 2022, Defendant filed the Motion now before the Court seeking sanctions against Plaintiff pursuant to 28 U.S.C. § 1927 and Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b). [ECF No. 13]. Specifically, Defendant requests that the Court (1) award Defendant its costs incurred as a result of Plaintiff's failure to respond to Defendant's discovery requests; (2) find that Plaintiff has waived her right to object to any discovery request propounded by Defendant; (3) stay these proceedings until Plaintiff complies with this Court's April 28, 2022, Agreed Order; (4) treat Plaintiff's failure to obey the Agreed Order as contempt of court; and (5) dismiss Plaintiff's action. *See* Motion, at ¶ 14.

This Court held a Zoom hearing on the Motion on June 3, 2022. [ECF No. 15]. Plaintiff's counsel failed to appear at the hearing, which was set by the Court *sua sponte*, nor did Plaintiff request a continuance of the hearing. Based on the representations made by Defendant's counsel at the hearing, Plaintiff's counsel reached out to Defendant's counsel by email on the morning of the hearing (June 3, 2022) and requested until June 6, 2022, to provide the responses to Defendant's outstanding discovery requests, which Defendant declined. According to Defendant's counsel, as of June 3, 2022, Plaintiff has not provided responses to any of Defendant's outstanding discovery requests, despite this Court's Order requiring Plaintiff to serve responses by May 5, 2022. *See* ECF No. 12.

## APPLICABLE LEGAL STANDARDS

The court has broad discretion to fashion appropriate sanctions for the violation of its discovery orders. *See, e.g.*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Rule 37 authorizes a court to impose sanctions against a party "who fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). These sanctions may include: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Rule 37 sanctions "are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin Cnty., Fla.*, 9 F.3d 924, 933 (11th Cir. 1993).

Rule 37(b) also provides that courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Siegmund v. Bian*, No. 16-62506, 2019 WL 473739, at *2 (S.D. Fla. Feb. 6, 2019). Moreover, Rule 37(d) authorizes a court to order sanctions against a party for failure to provide verified answers to properly served interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions imposed pursuant to Rule 37(d) parallel those listed under Rule 37(b)(2)(A).

4

DISCUSSION

The Court finds that Plaintiff violated this Court's April 28, 2022 Agreed Order by failing to provide responses to Defendant's outstanding discovery requests by May 5, 2022, and, therefore, the Court further finds that Defendant has demonstrated that sanctions against Plaintiff are warranted pursuant to Rule 37(b) and (d). Accordingly, Defendant is entitled to an award of reasonable expenses, including attorney's fees, incurred by Defendant as a result of Plaintiff's discovery violations, and such award shall be paid by Plaintiff. Specifically, Plaintiff shall pay the reasonable expenses, including attorney's fees, incurred by Defendant (1) in preparation of the Discovery Memorandum [ECF No. 9] and the Motion for Sanctions [ECF No. 13], (2) in preparation for the hearing previously scheduled to take place on April 28, 2022, and the hearing held on June 3, 2022, and (3) for any other reasonable efforts undertaken to obtain Plaintiff's responses to the outstanding discovery requests.

Additionally, Plaintiff shall provide complete responses to all of Defendant's outstanding discovery requests no later than June 6, 2022.

Finally, the Court admonishes Plaintiff and Plaintiff's counsel that failure to comply with the Court's instant Order may result in further, more severe sanctions, including but not limited to a finding of contempt and/or dismissal of the case.

Defendant's additional request in the Motion for a finding that Plaintiff has waived her right to object to any discovery request propounded by Defendant, a finding of contempt for Plaintiff's failure to obey the Court's Agreed Order, a stay of the proceedings until Plaintiff complies with the Agreed Order, and dismissal of Plaintiff's action is denied without prejudice. Although the Court notes that the discovery cutoff (August 26, 2022) is approaching, it is unclear that the prejudice suffered by Defendant at this juncture cannot be

5

remedied. Further, the Court is mindful that the drastic remedies of dismissal and a finding of contempt are to be used only as a last resort. *See Siegmund*, 2019 WL 473739, at *3.

Accordingly, for the reasons set forth on the record on June 3, 2022, and herein, it is hereby

ORDERED and ADJUDGED that Defendant's Motion for Sanctions [ECF No. 13] is **GRANTED IN PART**. Sanctions pursuant to Rule 37(b) and (d) are hereby imposed against Plaintiff as follows:

1. Plaintiff shall pay Defendant's reasonable expenses incurred as a result of Plaintiff's failure to timely respond to Defendant's discovery requests and Plaintiff's failure to comply with this Court's Agreed Order.

2. Defendant shall serve upon Plaintiff, on or before **June 13, 2022**, an itemization of reasonable attorney's fees and costs consistent with the Court's rulings set forth herein. If the parties are able to agree on an amount, Defendant shall file an unopposed request for entry of a fees award, and, if the parties are unable to agree, Defendant shall file a request for entry of a fees award, and Plaintiff shall respond in accordance with Local Rule 7.1.

3. Within thirty (30) days from the date of the Order approving Defendant's fees and costs award, Plaintiff shall pay said amount.

4. Any subsequent failure to comply with this Order will subject the disobedient party to further sanctions as allowed by the rules, including a finding of contempt of court.

5. Plaintiff shall respond to Defendant's First Set of Interrogatories and First Requests for Production, propounded on January 26, 2022, no later than **June 6, 2022**.

**DONE and ORDERED** in Chambers at Miami, Florida, this 3rd day of June 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record