UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23871-COOKE/DAMIAN

MARCIELA E. BLANCO,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON DEFENDANT'S SECOND MOTION FOR SANCTIONS [ECF NO. 17]**

THIS CAUSE is before the Court on Defendant, Scottsdale Insurance Company's ("Defendant"), Second Motion for Sanctions ("Motion"). [ECF No. 17]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for resolution in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). *See* ECF No. 7.

THIS COURT has reviewed the Motion[1] and heard from the parties, through counsel, at a Zoom hearing on June 16, 2022, and is otherwise fully advised in the premises. For the reasons stated on the record at the hearing, the Second Motion for Sanctions [ECF No. 17] is **GRANTED IN PART** as set forth below.

---

[1] Plaintiff did not file a response to the Motion by June 14, 2022, as ordered by this Court. [ECF No. 18]. Additionally, Plaintiff's counsel of record failed to update his e-mail address in the Court's electronic filing system for purposes of receiving Notices of Electronic Filing on this case as required by S.D. Fla. Local Rule 11.1(g) and Rule 3D of the CM/ECF Administrative Procedures, and as ordered by this Court. [ECF No. 20].

RELEVANT PROCEEDINGS TO DATE

The proceedings in this case were summarized in this Court's prior Sanctions Order entered on June 3, 2022. [ECF No. 16]. In that Order, the Court entered sanctions against Plaintiff, pursuant to Federal Rules of Civil Procedure 37(b) and (d), for failure to comply with this Court's April 28, 2022 Agreed Order requiring Plaintiff to provide responses to Defendant's outstanding discovery requests by May 5, 2022. *Id.* at 5–6. Plaintiff was ordered to respond to Defendant's First Set of Interrogatories and First Requests for Production, propounded on January 26, 2022, on or before June 6, 2022. *Id.* at 7.

On June 10, 2022, Defendant filed the Motion now before the Court seeking sanctions for a second time against Plaintiff, Plaintiff's counsel, or both, pursuant to 28 U.S.C. § 1927 and Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b). [ECF No. 17]. The Motion requests the same relief as in the first Motion for Sanctions filed on May 16, 2022, which this Court granted in part. *See id.* at ¶¶ 9, 17. In the Motion, Defendant asserts that as of the filing of the Motion on June 10, 2022, Plaintiff had not provided responses to the outstanding discovery requests first served over four months ago. *Id.* ¶ 10. The current deadline for the parties to complete all fact discovery pursuant to the Order Setting Civil Trial Date and Pretrial Deadlines is August 26, 2022. [ECF No. 8].

This Court held a Zoom hearing on the Motion on June 16, 2022. [ECF No. 21]. Plaintiff's counsel of record, Mr. Tomas Pastori, did not appear at the Zoom hearing, which was set by the Court *sua sponte* on June 10, 2022, nor did Plaintiff request a continuance of the hearing. [ECF No. 18]. At the hearing, substitute counsel, who appeared on behalf of Mr. Pastori, notified the Court that Mr. Pastori was unable to appear at the Zoom hearing because he was traveling. Substitute counsel was not personally familiar with the case and was unable

to provide any information to the Court beyond limited information provided to him by Mr. Pastori. The Court previously admonished Plaintiff's counsel of record in the prior Sanctions Order, dated June 3, 2022, that if counsel is unavailable for a scheduled hearing, counsel should then file a motion for continuance and provide dates of availability for the Court to reschedule the hearing. [ECF No. 16, at 1 n.1]. Mr. Pastori ignored the Court's admonishment.

As of the date of the hearing, June 16, 2022, Plaintiff still had not provided responses to any of Defendant's outstanding discovery requests, despite this Court's Order requiring Plaintiff to serve responses by June 6, 2022. Motion, at ¶ 9. According to Plaintiff's substitute counsel, Mr. Pastori plans to provide the discovery responses to Defendant's counsel by this weekend.

## APPLICABLE LEGAL STANDARDS

The court has broad discretion to fashion appropriate sanctions for the violation of its discovery orders. *See, e.g.*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Rule 37 authorizes a court to impose sanctions against a party "who fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). These sanctions may include: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a

physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Rule 37 sanctions "are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin Cnty., Fla.*, 9 F.3d 924, 933 (11th Cir. 1993).

Rule 37(b) also provides that courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Siegmund v. Bian*, No. 16-62506, 2019 WL 473739, at *2 (S.D. Fla. Feb. 6, 2019). Moreover, Rule 37(d) authorizes a court to order sanctions against a party for failure to provide verified answers to properly served interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions imposed pursuant to Rule 37(d) parallel those listed under Rule 37(b)(2)(A).

## DISCUSSION

The Court finds that Plaintiff has (yet again) violated this Court's June 3, 2022 Sanctions Order by failing to provide responses to Defendant's outstanding discovery requests by June 6, 2022, and, therefore, the Court further finds that Defendant has demonstrated that sanctions against Plaintiff and her counsel of record, Mr. Tomas Pastori, are warranted pursuant to Rule 37(b) and (d). Accordingly, Defendant is entitled to an award of reasonable expenses, including attorney's fees, incurred by Defendant because of Plaintiff's discovery violations, and such award shall be paid by Plaintiff and her attorney. Specifically, Plaintiff and her attorney shall pay the reasonable expenses, including attorney's fees, incurred by Defendant (1) in preparation of the Second Motion for Sanctions [ECF No. 17], (2) in

preparation for the hearing held on June 16, 2022, including preparation of the Unopposed Motion to Excuse In-Person Attendance at the June 16, 2022 Hearing [ECF No. 19], and (3) for any other reasonable efforts undertaken to obtain Plaintiff's responses to the outstanding discovery requests. This is in addition to the expenses previously awarded to Defendant's counsel by this Court's prior Order.

Additionally, Plaintiff shall provide complete responses to all of Defendant's outstanding discovery requests no later than **Monday, June 20, 2022, by 5:00 p.m**. (The Court is aware the Court is closed on this date. That does not excuse compliance by that date).

Finally, the Court admonishes Plaintiff and Plaintiff's counsel that failure to comply with the Court's instant Order will result in further, more severe sanctions, including but not limited to a finding of contempt or dismissal of the case or both.

Defendant's additional request in the Motion for a finding that Plaintiff has waived her right to object to any discovery request propounded by Defendant, a finding of contempt for Plaintiff's failure to obey the Court's June 3, 2022 Sanctions Order, a stay of the proceedings until Plaintiff complies with the Court's prior Order, and dismissal of Plaintiff's action is denied without prejudice. Although the Court notes that the discovery cutoff (August 26, 2022) is approaching, it remains unclear that the prejudice suffered by Defendant at this juncture cannot be remedied. Further, the Court is mindful that the drastic remedies of dismissal and a finding of contempt are to be used only as a last resort. *See Siegmund*, 2019 WL 473739, at *3.

Accordingly, for the reasons set forth on the record on June 16, 2022, and herein, it is hereby

ORDERED and ADJUDGED that Defendant's Motion for Sanctions [ECF No. 17] is **GRANTED IN PART**. Sanctions pursuant to Rule 37(b) and (d) are hereby imposed against Plaintiff and Plaintiff's counsel of record as follows:

1. Plaintiff and Plaintiff's counsel of record shall pay Defendant's reasonable expenses incurred as a result of Plaintiff's failure to timely respond to Defendant's discovery requests and Plaintiff's failure to comply with this Court's June 3, 2022 Sanctions Order.

2. Defendant shall serve upon Plaintiff, on or before **June 27, 2022**, an itemization of reasonable attorney's fees and costs consistent with the Court's rulings set forth herein. If the parties are able to agree on an amount, Defendant shall file an unopposed request for entry of a fees award, and, if the parties are unable to agree, Defendant shall file a request for entry of a fees award, and Plaintiff shall respond in accordance with Local Rule 7.1.

3. Within thirty (30) days from the date of the Order approving Defendant's fees and costs award, Plaintiff and Plaintiff's counsel of record shall pay said amount.

4. Any subsequent failure to comply with this Order will subject the disobedient party to further sanctions as allowed by the rules, including a finding of contempt of court.

5. Plaintiff shall respond to Defendant's First Set of Interrogatories and First Requests for Production, propounded on January 26, 2022, no later than **Monday**, **June 20, 2022, by 5:00 p.m**.

**DONE and ORDERED** in Chambers at Miami, Florida, this 17th day of June 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record